*309OPINION of the Court, by
Judge Cl auk,
— Craig having sued out two executions r.gauist Zachariah Ross, on judgments obtained against him, Cox became his security in bonds for the delivery of property on the day of salt, which were forfeited by a failure on the part of Ross to deliver the property. Executions having issued on these bonds, a writ of error coram nobis with supersedeas was obtained by Ross, for alleged error in die executo >is, ⅝,! > h was dismissed bv the Circuit court; to ret > ry w una writ of error was sued out from the court oí appeals. During its pendency an agreement took plore between Craig and Ross, oil ■the litli of Match 1 So 1, by which Moss on his part agreed to dismiss the writ of error, and pay the sum of ■sixty pou-ids immediately ; and Craig on his part agreed to c -.ve time for the payment of the balance by instalments — one half the 15th of October nett after the date of the agreement, and the balance the 15th of August loll owing. To this agreement Cox was no party. Ross having failed to make payment of the residue, agreeably to his contract, executions were issued against Cox, as security on the forthcoming bonds ; who, upon a bill filed for that purpose, obtained an in*310junction, which ©n the final hearing was decreed perpe tual : front which decree Craig arpea!- d <o this court.
Without deciding whether the oecmitv, by an agree ■ ment made between the creditoi and principal, without his assent, extending the time of payment, would o! it self amount to a release or not. r c can invt hule fo uht ’l j* itteiid this tse oí his , . . .... when it is coupled with circum .ui.n s su transaction, it should be cou-id’ red a, a ru liability. Though it is not exprs s-’y nstruioucd in the agreement between Craig and Ro re, 1 ⅞ which postpone ment was obtained, that Cok Ck*ví4 from any further liability, we -<nj disc h.irg v.jd, Iren the • ’¡w nueniio ¡ t do i f trono xty pounds, it testimony, in believing such to h of the parties. By assurav -, to t! Craig, Cox was induced to pv tí- : which time an acquittance of o c : ~n> bint , ¡nut oí th debt was offered. But under an low- f , hu b < '¡aig mi himself, that the agreement with lines amounted r>t itself to a discharge, it was not >. colei. 'hit VVhathf such was the intention of the p o b - m net, is not \ n j important in the consideration <>'< ifo‘ ca ise for wherever a creditor, by an arrang rr.t «¡ v, ¡t d » m m :,pr»l, without the privity or consent m d.c se.i>'jr_' rhuM;t'. in a material part the nature oí the coot- -sc t. ’n wr.i U the risk of the security is inc- m- -d, v- 1” die ’ r,nci■ pal’s becoming insolvent v ¾ v ~e l’>e ⅞* " . ft has been induced, by reason of s h.‘> it'. ■ cy nt11 ”n id an indemnity given him by in, i¡m<, ’w 1 g'u i tobe held liable for the so'vet” - <*' d - j ".'it’p d, Cox (as appeared from, the \v< r !’t •'! t >t.tror\ ) upon the agreement being made bU'Vtc n Craig ord Ros-, restored to lioss ail the papers which had l<’cn ;>i, - u h m as an indemnity against the del . \ s:> * i‘.y rug-t not to be so materially affects u, l v • 1 tn-i .euvni .a which he had no without d" am ' <s h !> 1 tj
On the part of Craig it is t out* -fo’ d oust C -\( i -u> agreement made the 10th of fl’r- h iúí'O, (Ip '.vfoc.n !■.’ obtained a postponement oí the e 'u uido ) v. <u ¡,.1 iho right of exemption, if any had act i urn1, b' foe a; tee ment with Ross. Craig wa* nos a n " <• l> r ;gtcement, it was made when he was m f ps • Mt, nd ojee ted by him when informed oi i*: '-or vx.‘ um-vn uña-sen respected on his part, tor h' ⅛>>* .lout the t »"•:< u.ons before the expiration of the time,
*311ft jíí'i '.he circumstances attending this case, we have *. > hesita'ton in believing Cox should be released from an" further responsibility.
PK'ciet: affirmed with costs,